OPINION
{¶ 1} Defendant-appellant Michael Garnett appeals his conviction and sentence for one of felonious assault, in violation of R.C. §2903.11(A)(1), a felony of the second degree.
 {¶ 2} On July 27, 2006, Garnett was indicted for one count of felonious assault. Garnett pled not guilty to the charge on August 18, 2006. A jury trial was held on January 29 and 30, 2007. *Page 2 
At the conclusion of the trial, Garnett was found guilty as charged. On March 7, 2007, the trial court sentenced Garnett to six (6) years incarceration and ordered him to pay restitution to the victim of the assault in the amount of $14,107.05. Garnett filed a timely notice of appeal with ths Court on March 16, 2007.
 I {¶ 3} The event which forms the basis for this appeal occurred in the early morning hours of July 16, 2006, at Coach's Bar in Xenia, Greene County, Ohio. As the bar was closing at approximately 2:00 a.m., a fight broke out between numerous male patrons of the bar which eventually spilled out into the courtyard outside of the bar. Testimony adduced at trial established that a large crowd of approximately twenty-five to fifty people gathered to observe the fight once it moved outside.
 {¶ 4} David Wilson, who was at the bar that night with some of his friends, approached the men who were fighting and attempted to separate them. At this point, a black male, allegedly Garnett, struck Wilson in the face and knocked him unconscious. Kenneth Faler, Wilson's friend, observed his companion being struck and ran over to assist him. Eyewitness testimony from a bar patron, Ricky L. Zerkle, established that Garnett approached Faler and struck him in the face, breaking his cheekbone and rendering him unconscious. Another bar patron, Kenneth Paul Baker also testified that he observed Garnett run over to Faler, hit him in the face, and knock him out. Faler testified at trial that he never saw his assailant and did not remember even being struck.
 {¶ 5} After he allegedly struck Faler, Garnett walked into the parking lot of the bar to find a ride home. Beth Gosser, Garnett's ex-girlfriend, was leaving the bar at the same time in her red Honda CRV. She testified that she saw Garnett and offered him a ride, and they left the scene. *Page 3 
Gosser dropped Garnett off near another woman's apartment, and he walked a short distance to that location.
 {¶ 6} Garnett testified in his own defense at trial. Contrary to the testimony of Zerkle and Baker, he claimed that although he was at the bar that night with friends from his football team, he did not strike Faler and did not see the individual who did attack him. Garnett's testimony, did however, corroborate other testimony offered at trial that he left the scene in a red Honda CRV driven by Gosser.
 {¶ 7} As noted above, Garnett was found guilty of one count of felonious assault for striking Faler. In light of the violent and unprovoked nature of the assault, the trial court sentenced Garnett to six years in prison and ordered and ordered restitution in the amount of $14,107.05.
 {¶ 8} It is from this judgment that Garnett now appeals.
 II {¶ 9} Garnett's sole assignment of error is as follows:
 {¶ 10} "THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE GUILTY VERDICT FOR AGGRAVATED ASSAULT."
 {¶ 11} In his sole assignment, Garnett contends that the guilty verdict reached by the jury was against the manifest weight of the evidence. Specifically, Garnett argues that discrepancies in the testimony of eyewitnesses Baker and Zerkle render their testimony unreliable. Additionally, Garnett asserts that the circumstances surrounding the assault on Faler demonstrate that Garnett was not involved. In support of this assertion, Garnett points out that besides Baker and Zerkle, no other witnesses to the attack identified him as the perpetrator or placed him at the immediate scene of the attack. *Page 4 
 {¶ 12} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, supra at 175.
 {¶ 13} In support of its claim that Garnett severely attacked Faler, the State presented the testimony of two eyewitnesses, Baker and Zerkle. Baker testified at trial that he was walking to his car in the parking lot of Coach's Bar when the fight which started in the bar spilled outside. While Baker was sitting in his car getting ready to leave, he testified that he observed Garnett run up to Faler and sucker punch him in the right side of his face, knocking the man down and rendering him unconscious. Baker then observed Garnett meet up with a female in the parking lot and leave in a red Honda CRV. Baker immediately called Officer Marc A. Margioras of the Xenia Police Department, a personal acquaintance, and relayed the license plate number of the Honda CRV to him. The vehicle was later revealed to belong to Beth Gosser, Garnett's ex-girlfriend, the same woman whom he admitted leaving with that morning.
 {¶ 14} The other eyewitness to the attack, Zerkle, testified that he knew Garnett as they attended the same high school. Zerkle asserted, as did Baker, that he initially observed the fight as it moved outside of the bar. Zerkle testified that he walked outside with the crowd and observed a tall black man who he believed to be Garnett strike Wilson in the face and knock him out. Zerkle *Page 5 
testified that he clearly observed Garnett walk out into the parking lot only to return a minute later and hit Faler in the right of side of his face. Zerkle stated that he was standing only ten feet away from Faler when he was attacked by Garnett.
 {¶ 15} Garnett presented numerous witnesses in his defense. None of those witnesses, however, individually observed the attack on Faler and thus did not rebut the testimony offered by Baker and Zerkle that Garnett was the perpetrator. The only testimony adduced at trial that served to contradict the State's eyewitness testimony was offered by Garnett, himself. Garnett testified unequivocally that, while he was at the bar during the time of the attack, he did not assault Faler and did not know who did. Garnett's testimony did corroborate the testimony of Baker and Zerkle insofar as he testified that he ultimately left the bar in a red Honda CRV with Beth Gosser. Clearly, the jury had before it competent and credible evidence of Garnett's guilt in the form of Baker and Zerkle's eyewitness testimony. Thus, it was not unreasonable for the jury to conclude that Garnett's testimony was merely self-serving, and therefore not credible.
 {¶ 16} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in finding Garnett guilty of felonious assault. Substantial, competent, and credible evidence supports the jury's verdict.
 {¶ 17} Garnett's sole assignment of error is overruled.
 III {¶ 18} Garnett's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 WOLFF, P.J. and GRADY, J., concur. *Page 1